IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-00090-GCM

| | |
|---|---|
| KATHY J. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Plaintiff Kathy J. James's ("Plaintiff") Motion for Judgment on the Pleadings (Doc. No. 10) and Memorandum in Support (Doc. No. 11), and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Judgment on the Pleadings (Doc. No. 12). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion is **DENIED**, Defendant's Motion is **GRANTED**, and the Administrative Law Judge's ("ALJ") decision is **AFFIRMED**.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for period of disability, disability insurance benefits ("DIB"), and supplemental security income on September 18, 2009, alleging a disability onset date of November 15, 2007. Tr. 105. The Commissioner initially denied those claims on January 18, 2010, and again on reconsideration on October 18, 2010. Tr. 58-66. Subsequently, on December 20, 2010, Plaintiff timely filed a written request for an administrative hearing and

1

Administrative Law Judge Clinton C. Hicks heard the case on December 14, 2011 in Charlotte, North Carolina. Tr. 67-68; 23-45.

On February 3, 2012, the ALJ found Plaintiff not disabled. Tr. 5-22. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner of Social Security. Tr. 1-3. Plaintiff timely filed this action on June 21, 2013 (Doc. No. 1), and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind might accept as adequate to support a conclusion" and "more than a mere scintilla . . . , but may be somewhat less than a preponderance." *Id*. at 1456; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The very language of section 405(g) precludes the Court from reviewing a final decision of the Commissioner *de novo*; it is the responsibility of the ALJ and not the Courts to make findings of fact and to resolve conflicts of evidence. *See* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

## III. DISCUSSION[1]

The Social Security Administration uses the Five Step Sequential Evaluation Process ("SEP") for determining disability claims. 20 C.F.R. § 404.1520. These five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). Here, the ALJ determined that Plaintiff met the conditions of Steps One (she had not engaged in substantial gainful activity) and Two (she had a number of severe impairments) and did not meet a listing under Step Three. Tr. 10-11. At Step Four, the ALJ made the finding that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" and set forth a number of limitations on the kind of work Plaintiff could perform. Tr. 11-17. He then determined that she was unable to perform her past relevant work. Tr. at 17. Finally, at Step Five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 17-18.

The sole issue that Plaintiff asserts for review is whether the ALJ improperly evaluated the medical opinion of Plaintiff's treating physician, Dr. John Wilkinson, pursuant to 20 C.F.R. §

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

404.1527, by not giving Dr. Wilkinson's opinion sufficient consideration. The ALJ briefly discussed Dr. Wilkinson's interactions with Plaintiff, noting:

> Although the claimant's treating physician, Dr. [Wilkinson], spent some time with the claimant in July 2011, discussing the disability process and the unlikeliness that she would ever be able to maintain a regular work schedule, he never stated that the claimant was disabled and suggested that she consider different forms of self-employment where she can be her own boss and work when she feels well and rest when she needs to.

Tr. 16. The ALJ went on to note that there was not a "functional capacities evaluation completed by a treating physician" before him, and chose instead to "give[] substantial weight to the findings of the State agency medical consultants." Tr. 16.

### 1. The ALJ did not err at Step Four because Dr. Wilkinson's opinion is not controlling and received adequate consideration by the ALJ.

In making his or her determination, the ALJ must weigh all medical opinions, regardless of source. 20 C.F.R. § 416.927(c). Controlling weight is given to treating sources whose opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record. 20 C.F.R. § 416.927(c)(2). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) . . . ." 20 C.F.R. § 416.927(a)(2).

The Fourth Circuit has established that a treating physician's opinion need not be afforded controlling weight if it does not meet these standards, and the ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (citing *Campbell v. Bowen*, 800 F.2d 1247, 1250 (4th Cir. 1986) and *Foster v. Heckler*, 780 F.2d 1125, 1127 (4th Cir. 1986)). "[I]f the physician's opinion is not supported by clinical evidence or is inconsistent with other substantial

4

evidence, it should be accorded significantly less weight. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician . . . ." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) and citing *Hunter*, 993 F.2d at 35).

Plaintiff argues that ALJ did not substantively consider the opinion of Dr. Wilkinson, who had treated Plaintiff since at least 2008. Plaintiff concedes that Dr. Wilkinson did not outright state that Plaintiff was disabled in his assessments. Instead, Plaintiff notes that Dr. Wilkinson assessed that Plaintiff suffered from a "multifactorial-disability" in a May 2010 opinion, Tr. 245-46, and stated in a December 2011 opinion that it was unlikely that Plaintiff "would be able to maintain a regular work schedule," Tr. 16, 435. Plaintiff correctly states that a claimant is not required to attempt being an entrepreneur from home to establish disability, *see Cornett v. Califano*, 590 F.2d 91, 93 (4th Cir. 1978), and argues that Dr. Wilkinson's determinations "would render her disabled under the law." (Doc. No. 11 at 5).

However, noticeably absent from Dr. Wilkinson's assessment is a statement of how Plaintiff's condition would prevent her from working. *See* Tr. 435. The treatment note at issue records clinical observations and documents treatment, but does not offer an opinion about the functional limitations of Plaintiff's impairments or her ability to work. *See id.* Of course, medical opinions that simply label an individual as "disabled" and "unable to work" do not require any special deference from the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1)-(3). Otherwise, treating opinions would be able to impermissibly direct the determination or decision of disability—a task solely reserved for the Commissioner. *See id*. In fact, the basis of Dr. Wilkinson's statement appears to lie in Plaintiff's own representations rather than any detailed findings of how her condition affects her ability to work, as well as the fact that Plaintiff had not

worked since 2007. For these reasons, the ALJ was not obligated to give Dr. Wilkinson's opinion controlling weight. *See Mastro*, 270 F.3d at 178. The ALJ was obligated to at least consider Dr. Wilkinson's opinion, along with all of the medical findings and other evidence that supported that opinion. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). This is precisely what he did. *See* Tr. 12-17 (discussing Dr. Wilkinson's opinion, his treatments notes, various medical test results, and notes and opinions from other doctors).

Moreover, placing Dr. Wilkinson's assessment in the context of his examinations and the rest of the record, his assertion that Plaintiff would unlikely be able to return to work is inconsistent with other substantial evidence. During the same 2011 visit, Dr. Wilkinson noted that the increase in hydrocodone had "helped a lot," and as the ALJ noted, the Plaintiff could perform daily living activities such as housework, cooking, and daytime driving. Tr. 16, 36-41. Plaintiff also testified at the hearing that she was no longer able to walk because it hurt her chest, yet there is little evidence in the medical records of any heart or lung conditions. To the contrary, Dr. Wilkinson's 2011 reports consistently note regular heart rate and clear lungs, amongst other normal vital signs. *See* Tr. 435-57.

Given these inconsistencies and the lack of any description from Dr. Wilkinson concerning how Plaintiff's limitations would affect her ability to work, the ALJ deferred to the findings of the State's medical consultants. Tr. 16-17. Simply put, the ALJ noted a large body of evidence in the record that was inconsistent with Dr. Wilkinson's statement that Plaintiff would be unable to work; thus, the ALJ was not required to give Dr. Wilkinson's statement controlling weight. *See Mastro*, 270 F.3d at 178; *Hunter*, 993 F.2d at 35.

Finally, Plaintiff takes issue with the ALJ's methodology when questioning the vocational expert ("VE") during the hearing, namely that the ALJ did not pose hypotheticals to

the VE in the context of Dr. Wilkinson's opinion. An ALJ has "great latitude in posing hypothetical questions." *Koonce v. Apfel*, 166 F.3d 1209 (4th Cir. 1999). As discussed *supra*, there were no identified limitations to form a basis for Dr. Wilkinson's assertion that Plaintiff would be unable to maintain a regular work schedule; thus, there were no limitations to include in any hypotheticals given to the VE. *See* Tr. 435. Instead, the ALJ explored the limitations set forth by the State agency physicians—Plaintiff's limited ability to carry objects; her inability to climb ladders, ropes, etc.; her ability to manipulate objects; and avoidance of concentrated exposure to hazardous machinery and working at heights. Tr. 224-25, 228-37. Based on those limitations, the ALJ created a hypothetical for which the VE named several jobs Plaintiff could perform, including mail clerk, car jockey, and packing machine feeder. Tr. 42-43.

The ALJ readily met his heightened duty to develop the record and assume a more active role in Plaintiff's case as required by *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980). The ALJ questioned Plaintiff on all relevant matters, ensured that he had access to all of the medical records for review, and gave the Plaintiff the opportunity to offer up any additional evidence as well as pose any hypothetical questions she wanted to the VE. *See* Tr. 25-45.

For these reasons, the Court finds that the ALJ's detailed decision is supported by substantial evidence in the record, and he was not required to give Dr. Wilkinson's opinion controlling weight in concluding that Plaintiff was not disabled.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 10) is **DENIED**, the Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) is **GRANTED**, and the ALJ's decision is **AFFIRMED**. The Clerk's Office is directed to **CLOSE THE CASE.**

**SO ORDERED.**

Signed: September 19, 2014

Graham C. Mullen
United States District Judge